BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Eduard Meleshinsky (SBN 300547)
Logan Starr (SBN 305598)
Email: bryan@bryanschwartzlaw.com
       eduard@bryanschwartzlaw.com
       logan@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

*Attorneys for Individual and Representative Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Mark Sandbergen, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>ACE American Insurance Co. d/b/a Chubb Group of Insurance Companies; Federal Insurance Co. d/b/a Chubb Group of Insurance Companies; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: _____<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>1. **Violation of Fair Labor Standards Act, 29 U.S.C. § 207;**<br>2. **Violation of Cal. Labor Code §§ 510, 1194, and 1198, and IWC Wage Order(s);**<br>3. **Failure to Provide and/or Authorize Meal and Rest Periods (Cal. Labor Code §§ 512, 226.7, and IWC Wage Order(s));**<br>4. **Failure to Timely Pay All Wages Due in Violation of California Labor Code § 203; and**<br>5. **Violation of Cal. Business and Professions Code § 17200,** *et seq.* |

CLASS AND COLLECTIVE ACTION COMPLAINT

# I. PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff Mark Sandbergen, on his own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative class members are or were employed by the Chubb Group of Insurance Companies, specifically, ACE American Insurance Company and Federal Insurance Company (collectively, "Chubb" or "Defendants"), as insurance underwriters, including Underwriters I through III (collectively, "Underwriters").

2. The Collective Class is made up of all persons who have been employed by Defendants as Underwriters in the United States at any time within three years prior to this actions filing date through the date of trial of this action (the "Collective Class Period").

3. The California Class is made up of all persons who have been employed by Defendants as Underwriters in the State of California at any time within four years prior to this action's filing date through the trial of this action (the "California Class Period").

4. The Waiting Time Penalties Subclass is made up of all California Class members who are no longer employed by Defendants and either (1) resigned and were not paid all wages due within 72 hours or (2) were terminated and not immediately paid all wages due within three years prior to this action's filing date through the trial of this action (the "Waiting Time Penalties Class Period").

5. During the Collective Period and the Class Period, Defendants failed to pay overtime compensation to Plaintiff and each member of the putative classes as required by federal and state law. Plaintiff seeks relief for the California Class under California wage-and-hour laws, and for the Collective under the FLSA, to remedy Defendants' failure to pay all wages due, pay appropriate overtime compensation, to

provide meal and rest periods, to pay waiting penalties, in addition to injunctive relief.

## II.   THE PARTIES

6.   Individual and representative Plaintiff Sandbergen resides in Danville, California. He worked as an Underwriter for Defendants. Plaintiff Sandbergen worked for Defendants approximately three years prior to leaving Chubb in 2015. He primarily worked out of Chubb's San Francisco office, in addition to working from home a few days per week. Plaintiff Sandbergen brings his claim on behalf of himself and the Class and Collective Action members. A written consent form for Plaintiff Sandbergen is attached as Exhibit A.

7.   Defendant ACE American Insurance Co. is a Pennsylvania corporation with its principal place of business in Pennsylvania, which does business in California and nationwide, where it provides insurance products to commercial and personal customers. Defendant ACE American Insurance Co. publicly maintains the "Chubb" brand as part of the Chubb Group of Insurance Companies.

8.   Defendant Federal Insurance Co. is a New Jersey corporation with its principal place of business in New Jersey and does business in California and nationwide, where it provides insurance products to commercial and personal customers. Defendant Federal Insurance Co. publicly maintains the "Chubb" brand as part of the Chubb Group of Insurance Companies.

9.   Defendants Does 1-50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner

for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

10. Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

### III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207 and 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court also has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

12. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

### IV. DESCRIPTION OF ILLEGAL PAY PRACTICES

13. During the applicable statutory period, Plaintiff and those similarly situated worked as insurance underwriters for Defendants. Defendants, through their policies, practices, and supervisors, directed the work activity of Plaintiff and other Underwriters. Employees of Defendants had the authority to discipline Plaintiff and other Underwriters.

14. Defendants' gross annual sales made or business done has been $500,000 or greater at all times relevant herein. Defendants operate in interstate commerce by, among other things, selling insurance products in multiple states.

15. Defendants classified (and continue to classify) their Underwriters, including Plaintiff and those similarly situated, as exempt from FLSA and state wage-and-hour protections. Defendants paid Underwriters a fixed salary regardless of the number of hours worked. Underwriters were also eligible to receive bonuses based on their productivity.

16. Defendants are in the business of selling insurance products, and the work performed by Plaintiff and other Underwriters is, and was, production work directly related to the sales of insurance products.

17. Underwriters process insurance risk evaluations for commercial properties by entering a Standard Industrial Classification 4-digit code (which corresponds to the type of business) into Chubb's proprietary risk database. The database then provides a risk rating from 1 to 6. The Underwriters then rely on this risk rating to populate Chubb's existing templates for insurance policies.

18. Those insurance policies are then subject to spot checking and review by supervisors.

19. Underwriters do not manage any kind of budget or negotiate insurance premiums.

20. Although the job of Underwriter requires diligence, hard work, and familiarity with insurance products, Underwriters hired by Defendants are not required to have any advanced degrees or to undertake any prolonged course of specialized academic instruction in order to work for Defendants. In addition, Underwriters hired by Defendants are not required to have any particular license.

21. Plaintiff and those similarly situated routinely worked in excess of eight (8) hours per day and forty (40) hours per week for Defendants, without receiving proper overtime pay.

22. Plaintiff regularly ate lunch while he worked and regularly worked through his ten-minute rest periods.

23. Defendants did not keep accurate records of the hours Plaintiff and other Underwriters worked. Defendants did not track whether Plaintiff and other Underwriters took meal or rest periods. Because Defendants did not pay Plaintiff and other Underwriters for all hours worked, including overtime hours, Defendants' wage statements did not accurately reflect all hours worked.

24. Because Defendants did not pay Plaintiff and other Underwriters for all overtime hours worked, Defendants did not provide Plaintiff and other underwriters all wages owed at the time they were no longer employed by Defendants.

25. Defendants are aware of federal and California wage-and-hour laws.

26. Defendants' unlawful conduct has been widespread, repeated, and consistent.

27. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith. Defendants operated under a scheme that has caused significant damages to Plaintiff and similarly situated individuals.

## V. COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

> **Collective Class:** All persons who are or have been employed by Defendants as insurance underwriters including but not limited to Underwriter I, Underwriter II, Underwriter III, and individuals with similar job duties, within the United States at any time from three years prior to the filing of this Complaint through the final disposition of this case.

29. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

30. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than 40 hours per week without appropriate overtime compensation.

31. Upon information and belief, Defendants knew that Plaintiff and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

32. Upon information and belief, Defendants misclassified Plaintiff and members of the Collective Class as "exempt" from federal and state overtime laws.

33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## VI.   CLASS ALLEGATIONS

34. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**California Class:** All individuals who have been employed by Defendants as insurance underwriters in the State of California at any time starting four years prior to the filing of the initial complaint in this action until trial of this action.

35. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Waiting Time Penalties Subclass**: All California Class members who are no longer employed by Defendants and either (1) resigned and were not paid all wages due within 72 hours or (2) were terminated and not immediately paid all wages due within three years prior to this action's filing date through the trial of this action.

36. <u>Numerosity</u>: Upon information and belief, the California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed over forty people who satisfy the definition of the proposed California Class.

37. <u>Typicality</u>: Plaintiff's claims are typical of the members of the California Class. Plaintiff is informed and believes that, like other Underwriters, he routinely worked more than forty hours per week, and more than eight hours per day, during the California Class period. Plaintiff had the same duties and responsibilities as other Class members. Plaintiff and the California Class were subject to Defendants' policy and practice of improperly treating and classifying Underwriters as "exempt" from federal and state wage and hour laws, failing to pay appropriate overtime compensation, failing to pay waiting time penalties, failing to provide meal and paid rest breaks, and failing to maintain accurate records of hours worked.

38. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage

and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

39. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the California Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

40. <u>Commonality</u>: Common questions of law and fact exist to all members of the California Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

   a. Whether Defendants improperly labeled and treated Plaintiff and the members of the California Class as exempt;

   b. Whether Defendants unlawfully failed to pay appropriate overtime compensation to Plaintiff and the members of the California Class in violation of the California Labor Code §§ 510 and 1194, California Industrial Wage Order No. 4 (8 C.C.R. § 11040), and the FLSA;

   c. Whether Defendants employed Plaintiff and the members of the California Class within the meaning of California law;

   d. Whether Plaintiff and the members of the California Class who are no longer employed by Defendants are entitled to waiting time penalties pursuant to California Labor Code § 203;

   e. Whether Defendants' policies and practices provide and/or make available meal and paid rest periods;

   f. Whether Defendants' conduct violated Business and Professions Code § 17200 *et seq.* by violating the state and federal laws as set forth therein;

      g.    The proper measure of damages sustained by Plaintiff, the Class, and the Collective; and

      h.    Whether Defendants' actions were "willful."

41. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by individual members of the California Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

42. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions only affecting individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the California Class the overtime pay to which they are entitled. The damages suffered by the individual California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

43. Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23. The names, email addresses, and mailing addresses of the members of the California Class are available from Defendants.

//

//

# FIRST CLAIM FOR RELIEF

## Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (On Behalf of Plaintiff and the Collective Class)

44. Plaintiff, on behalf of himself and the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

45. Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that other individuals will continue to sign consent forms and join as plaintiffs.

46. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the FLSA Collective. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

47. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours per work week.

48. During their employment with Defendants, within the applicable statute of limitations, Plaintiff and the other Collective Class members worked in excess of 40 hours per workweek. Despite the hours worked by Plaintiff and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of 40.

49. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

50. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

51. Plaintiff, on behalf of himself and the Collective Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b), 255(a), and 260, and such other legal and equitable relief as the Court deems just and proper.

52. Plaintiff, on behalf of himself and the Collective Class, seeks recovery of their attorneys' fees and costs to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of California Law**

**(On Behalf of Plaintiff and the California Class)**

53. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

54. At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required employers, like Defendants, to pay overtime premiums for hours worked in excess of eight in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than

the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

55. Plaintiff worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff is entitled to recover his unpaid overtime compensation.

56. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, plus damages, interest, attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF

### Failure to Provide Rest Breaks and Meal Periods

### (On Behalf of Plaintiff and the California Class)

57. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs.

58. California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

59. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the

employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

60. Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

61. California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

62. Defendants failed to provide Plaintiff and the Class with rest periods as required by law, and failed to authorize and permit the Plaintiff to take meal periods as required by law. Because of the press of work, there were occasions when Plaintiff and the Class missed lawful meal and paid rest periods.

63. Plaintiff and the Class are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure § 1021.5, Plaintiff is entitled to attorneys' fees and costs.

## **FOURTH CLAIM FOR RELIEF**

### **Failure to Pay All Wages Due**

### **Failure to Pay All Wages Due in Violation of Labor Code §§ 201-203**

### **(On behalf of Plaintiff and the Waiting Time Penalties Subclass)**

64. Plaintiff on behalf of himself and the California Waiting Time Penalties Subclass, alleges and incorporates by reference the allegations in the preceding paragraphs.

65. California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

66. Plaintiff and Waiting Time Penalties Subclass Members who ceased employment with Defendant are entitled to unpaid compensation, but to date have not received such compensation.

67. More than 72 hours have passed since Plaintiff and Subclass members left Defendants' employ.

68. Defendants willfully failed to pay Plaintiff and Subclass members any overtime or any meal or rest period premiums.

69. As a consequence of Defendant's willful failure to timely compensate Plaintiff and Subclass members for all hours worked, Plaintiff and Subclass Members whose employment ended during the Waiting Time Penalties Class Period are entitled up to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## FIFTH CLAIM FOR RELIEF

### Unfair Practice under the Unfair Competition Act

### (On Behalf of Plaintiff and the California Class)

70. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

71. Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq.*

72. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the Class are entitled to: restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay overtime and meal/rest premiums to all workers as defined herein; in California, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5, and other applicable law; and costs.

## PRAYER FOR RELIEF

73. WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective and California Classes, prays for relief as follows:

    A. That the Court determine that this action may proceed as a

|   |   |   |
|---|---|---|
| | | collective action under 29 U.S.C. §216(b) of the FLSA; |
| | B. | That Defendants are found to have violated the overtime, meal/rest periods, and timely payment of wages provisions of the California wage laws cited above; |
| | C. | That Defendants are found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class; |
| | D. | That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class; |
| | E. | That Defendants' violations as described above are found to be willful; |
| | G. | An award to Plaintiff and the Class and Collective Class Action members for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial; |
| | I. | That Defendants be ordered and enjoined to pay restitution to Plaintiff and the Class due to Defendants' unlawful activities, pursuant to California state law cited above; |
| | J. | That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above; |
| | K. | That the Court grant declaratory relief stating that Defendants' scheme is unlawful; |
| | L. | For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), California Labor Code §§ 218.5, 1194, California Code of Civil Procedure § 1012.5, and/or other applicable state laws; and |

16

CLASS AND COLLECTIVE ACTION COMPLAINT

1  M. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: July 27, 2018     **BRYAN SCHWARTZ LAW**

By:
      */s/ Bryan Schwartz*
Bryan Schwartz (SBN 209903)
Logan Starr (SBN 305598)
*Attorneys for Plaintiff*

17

CLASS AND COLLECTIVE ACTION COMPLAINT